**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CINDY ROY, | Case No. 1:13-cv-723 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Cindy Roy filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes.  For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In January 2010, Plaintiff filed an application for Supplemental Security Income (SSI) alleging a disability onset date of May 8, 2008, due to physical and mental impairments.  (Tr. 117-18, 209-12).  After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ").  On July 11, 2012, ALJ Larry A. Temin held an evidentiary hearing at which Plaintiff appeared with counsel.  The ALJ heard testimony from Plaintiff, a medical expert and an impartial vocational expert. (Tr. 15-36).  On August 16, 2012,

1

ALJ Temin denied Plaintiff's application in a written decision. (Tr. 15-36). Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was 57 years old at the time ALJ Temin issued his decision. She earned her GED and had past relevant work as a waitress and light level assembler. She alleges disability since May 2008 due to a combination of impairments, including obesity, low back pain, left knee impairment, right shoulder impairment, bilateral wrist impairments, and neuropathy of the legs in addition to depression and anxiety.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity; lumbar spine degenerative changes; right knee arthritis; right shoulder AC tear, tendonopathy, and arthrosis; left knee degenerative changes; mild bilateral carpal tunnel syndrome; lower extremity distal sensory neuropathy; a mood disorder; and an anxiety disorder. (Tr. 17). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform medium work with the following limitations:

> She can lift/carry/push/pull up to 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for up to 6 hours in an eight-hour workday, and can sit for 6 hours in an eight-hour workday. She can only occasionally climb ramps and stairs. She is limited to no more than frequent stooping, kneeling, crouching, and crawling. She should never climb ladders/ropes/scaffolds, use vibratory tools, operate automotive equipment, or work at unprotected heights or around hazardous machinery. She can only occasionally write and can only occasionally reach above shoulder level with the right upper extremity. She is able to perform only simple, routine, repetitive tasks. She cannot work at a rapid, production-rate pace, and her job should not require more than ordinary and routine changes in work setting or duties.

(Tr. 20). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is unable to perform her past relevant work. Nonetheless, there exist jobs in significant number in the national economy she can perform, including such jobs as cleaner, salvage laborer and machine operator. Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) finding that Plaintiff could perform medium work; 2) improperly evaluating Plaintiff's mental impairments; 3) assessing Plaintiff's credibility; and 4) failing to properly account for all Plaintiff's impairments in his hypothetical questions to the vocational expert. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1)

performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work;

4

and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is substantially supported**

*1. ALJ's RFC Determination*

Plaintiff's first assignment of error asserts that the ALJ's determination that Plaintiff was capable of performing a range of medium work is not substantially supported. Specifically, Plaintiff contends that the ALJ erred in giving "significant weight" to the findings of Dr. Sheridan, and also erred in failing to note all of the work-related limitations found by Dr. Sheridan. Plaintiff further assert that Plaintiff also appears to contend that the ALJ failed to consider Plaintiff's impairments in combination. Ultimately, Plaintiff asserts that her impairment's limit her to performing light work. As such, she would be considered disabled under Rule 202.04 of the grid. Plaintiff's contentions lack merit.

In considering the opinion evidence the ALJ noted that Dr. Sheridan examined Plaintiff on April 14, 2010 and diagnosed her with chronic lumbar strain with bulging discs at L4-5 and L5-S1, a right rotator cuff tear, chronic bronchitis, and depression. (Tr. 486-96). He opined that Plaintiff was able to lift/push/pull 10 pounds and 20 pounds frequently and 20 pounds to 50 pounds infrequently and occasionally bend, stoop, rotate at the waist, and reach from the floor to the waist. (Tr. 496). He further opined that Plaintiff should not climb ladders or scaffolds and do no overhead work with the right upper extremity. *Id.*  State agency physicians Dr. Jerry McCloud and Dr. Gerald Klyop also reviewed the record in April and September 2010 and opined that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, and stand, walk, and sit for about six hours in an eight-hour day. (Tr. 499-506, 588). They further opined that Plaintiff had no limitations with climbing, balancing, stooping, kneeling, crouching, or crawling, though Plaintiff could never climb ladders, ropes, or scaffolds. (Tr. 501, 588).

After reviewing these opinions, the ALJ determined that Plaintiff could lift/carry/push/pull up to 50 pounds occasionally and 25 pounds frequently. (Tr. 20). She could also stand, walk, or sit for six hours in an eight-hour day and could only occasionally climb ramps and stairs. *Id.* Plaintiff was further limited to frequent stooping, kneeling, crouching, and crawling, and could never climb ladders, ropes, or scaffolds. *Id.*  Plaintiff argues that the ALJ erred in evaluating the opinion evidence and therefore the RFC finding is not substantially supported.

In support of this assertion, Plaintiff argues first that the ALJ erred by not adopting all of Dr. Sheridan's limitations.  Notably, Plaintiff contends that Dr. Sheridan found that Plaintiff could only lift 20 to 50 pounds infrequently, not occasionally as found

6

by the ALJ.  Plaintiff further asserts that while Dr. Sheridan determined that Plaintiff could only occasionally stoop, the ALJ determined that Plaintiff was limited to frequent stooping.  Plaintiff's contentions lack merit.

At the outset, the Court notes that the ALJ's decision indicates that he gave "significant weight" to the opinion of Dr. Sheridan, he did not state that he was adopting Dr. Sheridian's findings *in toto*.  Instead, as noted by the Commissioner, after reviewing those opinions and the objective evidence in the record, the ALJ determined that Plaintiff was capable of frequent stooping, not occasional stooping, as Dr. Sheridan opined. (Tr. 20-31).  Such is not error.  See *Poe v. Comm'r of Soc. Sec.,* No. 08–5912, 2009 WL 2514058, at *7 (6th Cir. Aug. 18, 2009)An ALJ is "not required to recite the medical opinion of a physician verbatim in his RFC." *see also Smith v. Colvin,* No. 3:13–CV–776, 2013 WL 6504681, at *11 (N.D.Ohio, Dec.11, 2013) (ALJ who attributes "great weight" to state-reviewing psychologist opinions not required to include in claimant's RFC all limitations assessed by them); *Smith v. Comm'r of Soc. Sec.,* 2013 WL 1150133 (N.D.Ohio, Mar.19, 2013) (there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight).

Moreover, in so concluding, the ALJ's decision indicated that he considered Plaintiff's mild knee arthritis and lumbar spine degenerative changes with disc bulge and facet hypertrophy. (Tr. 17, 30).  He also noted that Plaintiff's condition was worsened by her obesity. (Tr. 30).  The ALJ further noted that while Plaintiff complained of low back pain, she did not receive any ongoing medical treatment for that impairment and was not on a pain management regimen.  Further, physical examinations showed that

7

Plaintiff had a normal gait, 5/5 motor strength, and a normal range of motion (Tr. 486-89, 492-94, 558-59). Moreover, at times when Plaintiff reported 10/10 back pain at the hospital, she stated that she only used ibuprofen as needed and was described as being in no acute distress. (Tr. 30, 557-58). *See Meere v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) ("Plaintiff's *failure* to use prescription pain medication may undermine his credibility as to a complaint of a disabling level of pain."). In light of this evidence, the ALJ reasonably concluded that Plaintiff could frequently stoop. Furthermore, as noted by the Commissioner, even if Plaintiff was limited to occasional stooping, she could still perform a significant number of jobs in the national economy. According to the vocational expert's testimony, Plaintiff was capable of a number of jobs including a cleaner, salvage laborer, and machine operator/feeder/tender. (Tr. 35-36, 96).

Plaintiff also argues that the ALJ improperly weighed the opinion of the initial state reviewing physician, Dr. McCloud. In this regard, when asked about Plaintiff's symptoms, Dr. McCloud stated that a "review of her symptoms shows that her statements are not unreasonable and are considered partially credible." In light of this statement, Plaintiff appears to assert that the ALJ should have accepted her subjective complaints and limitations relating to standing and sitting. Plaintiff misinterprets Dr. McCloud's findings. Dr. McCloud did not fully accept Plaintiff's statements relating to her functional limitations. As noted above, Dr. McCloud considered Plaintiff's statements about her symptoms, and determined that her complaints were "partially credible." As such, based upon the objective evidence and Plaintiff's statements, Dr.

8

McCloud found that Plaintiff was capable of sitting, standing, and walking for about six hours in an eight-hour day. (Tr. 500, 504).

Plaintiff next argues that the ALJ did not properly consider the effect of her carpal tunnel syndrome. However, Plaintiff fails to provide any additional function limitations resulting from her carpal tunnel syndrome. Notably, it is well established that a mere diagnosis or catalogue of symptoms does not indicate the functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146,151 (6th Cir.1990) (diagnosis of impairment does not indicate severity of impairment). Contrary to Plaintiff's assertion, the ALJ took into account contemporaneous accounts of Plaintiff's abilities and limited Plaintiff to occasional writing and no use of vibratory or power tools. (Tr. 20, 29).

Finally, Plaintiff alleges that the ALJ did not adequately account for her low pain threshold and her obesity. However, as detailed above, the ALJ made many references to Plaintiff's pain, and her low pain threshold, in his opinion. (Tr. 22, 24, 25, 27, 29, 30). He also explicitly considered that Plaintiff's nerve conduction study in 2012 was limited because of her low pain threshold and her fear of needles. (Tr. 29). However, pain itself does not equate to a clinical finding. *See* 20 C.F.R. § 416.929(a). Additionally, the ALJ properly considered Plaintiff's obesity, finding it to be a severe impairment. Moreover, Dr. Sheridan and the state agency reviewing physicians, on whom the ALJ relied, implicitly considered Plaintiff's obesity in their opinions in 2010. *See* SSR 02-01p; *see also Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 443 (6th Cir. 2010) (an ALJ evaluated a claimant's obesity by considering the opinions of physicians who noted that claimant was obese); *Bledsoe v. Barnhart,* 165 F. App'x 408, 415 (6th Cir. 2006) (ALJ

9

considered claimant's obesity by mentioning it in his findings of facts and crediting medical opinions that considered claimant's obesity). Accordingly, the ALJ's decision is substantially supported in this regard.

    2. *Consideration of Plaintiff's Mental Impairments*

Plaintiff's next assignment of error asserts that the ALJ erred in evaluating Plaintiff's "nervous and mental impairments." In this regard, Plaintiff asserts that the ALJ's RFC finding does not sufficiently account for Plaintiff's "moderate" limitations in concentration, persistence and pace. Here, relying on the opinions of Dr. Sexton, a state consulting examiner, and the state agency reviewing psychologists, the ALJ found that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace. Notably, Dr. Sexton diagnosed Plaintiff with a mood disorder NOS, a personality disorder NOS with depressive dependent, and antisocial traits, and assigned Plaintiff a Global Assessment of Functioning (GAF) score of 58. (Tr. 483-84). Dr. Sexton then opined that Plaintiff was mildly impaired in her ability to interact with others, mildly impaired in her ability to understand, recall, and carry out simple instructions, moderately impaired in her ability to maintain concentration, persistence, or pace, and moderately impaired in her ability to withstand the stress and pressures associated with day-to-day work. (Tr. 484). In finding that Plaintiff had moderate limitations in maintaining attention, concentration, persistence and pace, Dr. Sexton states:

> As task requirements and instructions become more complicated and challenging for her, her overall level of performance will tend to be slowed in pace and/or disrupted in pattern of performance, thereby reducing her from performing at maximal levels in the work situations.

(Tr. 484).

In light of these findings, the ALJ limited Plaintiff to "simple, routine, repetitive tasks." He also found that she "cannot work at a rapid, production-rate pace, and her job should not require more than ordinary routine changes in work setting or duties." (Tr. 20).

Plaintiff contends that the ALJ's mental RFC failed to account for her anxiety attack and crying spells, as well as drowsiness from her medication. Plaintiff also contends that the state agency psychologist's opinion was flawed because she noted that Plaintiff was "stable" (Tr. 552-53). In this regard, the state agency reviewing psychologist noted that Dr. Khalily, Plaintiff's treating doctor, reported that Plaintiff was stable and unable to work. (Tr. 553). Plaintiff's contentions lack merit. As noted by the commissioner, the ALJ explained in great detail why the opinions of Dr. Khalily were not controlling and, instead, only entitled to little weight. (Tr. 28, 33-34). Furthermore, Dr. Brooks, a medical expert, testified at Plaintiff's hearing. (Tr. 79-88). After reviewing all of the evidence and listening to Plaintiff's testimony, Dr. Brooks testified that Plaintiff had mild limitations in activities of daily living, mild limitations in social functioning, and moderate limitations in concentration, persistence, or pace (Tr. 84). The ALJ reasonably gave this opinion significant weight. *See* 20 C.F.R. § 416.927(f) (allowing an ALJ to consider the opinions of nonexamining medical and psychological consultants). Plaintiff does not dispute Dr. Brooks findings, nor the ALJ's reliance thereon.

Additionally, citing *Ealy v. Commissioner,* 594 F.3d 504 (6th Cir.2009), Plaintiff asserts that the ALJ's RFC and hypothetical question failed to properly

11

accommodate Plaintiff's moderate limitations due to her mental impairments. In *Ealy,* the Sixth Circuit found that where medical source opinions specifically limited Plaintiff's ability to sustain attention and imposed restrictions in pace, speed and concentration, the ALJ's "streamlined" hypothetical omitting those restrictions was insufficient. *Id.* Notably, however, several post-*Ealy* decisions declined to adopt a bright line rule that a limitation to "simple repetitive tasks" in an RFC and hypothetical to the VE is not adequate to address a claimant's moderate impairment as to concentration, persistence, and pace. *See Steed v. Astrue,* No. 4:11 CV204, 2012 WL 1097003, at *9 (N.D.Ohio Mar.30, 2012); *Jackson v. Comm'r of Soc. Sec.,* No. 1:10CV763, 2011 WL 4943966, at *4 (N.D.Ohio Oct.18, 2011). Here, no medical source imposed any restrictions relating to pace, speed and concentration, that were inconsistent with the ALJ's RFC. Accordingly, Plaintiff's assertion should be overruled in this regard.

    *3. Credibility Assessment*

    Plaintiff's third assignment of error asserts that the ALJ failed to credit Plaintiff's complaints of pain when assessing Plaintiff's credibility. Plaintiff further asserts that ALJ improperly considered treatments notes indicating a positive Waddell test and failed to consider the side effects of her medication. Plaintiff's contentions lack merit.

    In light of the ALJ's opportunity to observe the individual's demeanor at the hearing, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001); *Kirk v. Sec. of H.H.S.,* 667 F.2d 524, 538 (6th Cir.1981). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th

Cir.1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of H.H.S.,* 753 F.2d 517, 519 (6th Cir.1985) (citing *Zblewski v. Schweiker,* 732 F.2d 75, 78 (7th Cir.1984)). Social Security Regulation 96–7p describes the requirements by which the ALJ must abide in rendering a credibility determination:

> It is not sufficient for the adjudicator to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. (emphasis added).

While the ability to afford treatment is a factor in determining the claimant's credibility, it is not the only factor in the evaluation. In this regard, the ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96–7p.

13

Here, the ALJ properly assessed Plaintiff's credibility in light of the above requirements. As noted by the Commissioner, in accordance with the regulations, the ALJ discussed the objective evidence and noted that despite Plaintiff's complaints of back pain, objective findings yielded mostly normal results, and she failed to show up for follow-up appointments. (Tr. 29). The ALJ also noted that the objective evidence relating Plaintiff's complaints of abdominal pain and shoulder pain did not indicate limitations inconsistent with those outlined in the ALJ's RFC assessment. *Id.* Thus, the ALJ found Plaintiff's testimony less than fully credible because other evidence did not support complaints of the severity she alleged. (Tr. 29). *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007) ("[T]he record is replete with medical evidence that Cruse's symptoms were not as severe as she suggested.").

Contrary to Plaintiff's assertion, the ALJ noted several times in his decision that Plaintiff reported feeling tired because of her medications. (Tr. 19, 27). Dr. Brooks reviewed the record and considered Plaintiff's testimony that she was tired from her medications and opined that Plaintiff was only moderately impaired in her ability to maintain concentration, persistence, or pace. The ALJ reasonably relied on this testimony in forming his RFC determination and in determining that Plaintiff was capable of performing a significant number of jobs in the national economy. (Tr. 20, 28, 33).

Furthermore, the ALJ properly considered the fact that Plaintiff's physical and mental impairments did not prevent her from engaging in a wide variety of daily activities. (Tr. 18, 21, 26). See Soc. Sec. Ruling 96-7p, 1996 WL 374186. Plaintiff reported that she could do light housework such as preparing food, doing the dishes,

14

doing laundry, and straightening up. *See Smith v. Comm'r of Soc. Sec.*, No. 1:09–cv–526, 2010 WL 5464889, at *7 (S.D. Ohio Aug. 24, 2010) (Wehrman, MJ) ("the ALJ also properly considered that plaintiff engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding"). In light of the foregoing, Plaintiff's third assignment of error should be overruled.

*4. Alleged Vocational Errors*

For her final assignment error, Plaintiff argues the ALJ erred by relying on an improper hypothetical question to the VE. Specifically, Plaintiff argues that the ALJ's hypothetical question to the vocational expert was flawed because it did not include a limitation that Plaintiff could only occasionally stoop and did not account for Plaintiff's moderate limitations in concentration, persistence, or pace. Plaintiff's contentions lack merit.

The Sixth Circuit has repeatedly made clear that a hypothetical question need only reference plaintiff's *credible* limitations; unsubstantiated complaints are not to be included in the question. *See McKenzie v. Commissioner of Soc. Sec.,* No. 99–3400, 2000 WL 687680, at * 4 (6th Cir. May 19, 2000). As outlined above, the ALJ reasonably reviewed the entirety of the objective medical evidence in the record in addition to the medical opinions. After doing so, he reasonably determined that the opinion of the state reviewing physicians and psychologists, as well as the state consulting physician and psychologist, were entitled to significant weight and determined that Plaintiff could perform a reduced range of medium work with additional nonexertional limitations. Thereafter, the ALJ selected hypothetical questions which accurately described Plaintiff's limitations and the extent of her ability to perform work as supported by the

15

evidence. The VE's testimony in response-setting forth the many numbers of jobs that plaintiff can still perform-thus constitutes substantial evidence that Plaintiff is not disabled. *See Hammond v. Apfel,* No. 99–1451, 2000 WL 420680, at *8 (6th Cir. Apr.12, 2000).

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                                 *s/Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINDY ROY,                                          Case No. 1:13-cv-723

      Plaintiff,                              Dlott, J.
                                               Bowman, M.J.
     v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

17